# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01321-MSK-BNB

FLOYD'S 99 HOLDINGS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

SHAWN W. WOODRUM,

    Defendant.

### STIPULATED PROTECTIVE ORDER

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and trial testimony.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff and Defendant and/or information contained in Plaintiff's or Defendant's confidential business records, personnel records, documents, materials, and

communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys who are actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

(e) the Court in this case and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g) deponents and witnesses identified in the F.R.C.P. 26 disclosures in this case, including any supplemental disclosures; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL Information to any person listed above in Section 4 (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Plaintiff and Defendant may also designate Confidential Information as "ATTORNEYS' EYES ONLY" when, in the good faith judgment of the party making the disclosure, the Confidential Information is deemed competitively sensitive and therefore, should not be disclosed to an opposing party.

7. CONFIDENTIAL Information designated as ATTORNEYS' EYES ONLY may be disclosed only to the following persons <u>and may not be disclosed to a party or its or his agents</u>:

(a) Counsel who have appeared of record for any party in this case and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to this action;

(b) Experts retained by the parties or counsel, but who are not otherwise regularly employed by or affiliated with the parties or with a competitor of the parties, and any such expert's regularly employed assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this action;

(c) Any person whom the parties agree, in advance and in writing, may receive such CONFIDENTIAL Information;

(d) The Court, its officers and its employees in connection with this action only (subject to the requirement for filing the designated documents under seal as set forth herein).

8. No person authorized under paragraphs 7(b) and 7(c) of this Protective Order to receive access to ATTORNEYS' EYES ONLY information shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by this Protective Order by signing a copy of the agreement attached as <u>Exhibit A</u> to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose ATTORNEYS' EYES ONLY CONFIDENTIAL Information and such

agreement shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. Further, each recipient of ATTORNEYS' EYES ONLY CONFIDENTIAL Information shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this action and solely for the purposes of this action.

9. If a portion of ~~the trial or~~ a deposition in this matter involves the disclosure of ATTORNEYS' EYES ONLY information, the parties agree that any client representative(s) or other witnesses to whom such information may not be disclosed shall, at the request of the party designating the information as ATTORNEYS' EYES ONLY, be excused from the ~~trial or~~ deposition while such information is being disclosed, except as the Court, in its sole discretion, may otherwise determine and order.

10. Documents are designated as CONFIDENTIAL, including ATTORNEYS' EYES ONLY, by placing or affixing on them (in a manner that will not interfere with their legibility) the terms "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or by designating them as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in correspondence from counsel to the party producing documents.

11. Documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be filed in accordance with **D.C.COLO.LCivR 7.2 and 7.3.** ~~the most recent procedures for "Sealed Document Filing in Public Cases" as set forth in the United States District Court – District of Colorado Electronic Case Filing User Manual and the United States District Court – District of Colorado Electronic Case Filing Procedures (Civil Cases):~~

~~(a) A Motion to Seal must be submitted electronically in accordance with the Local Rules of the United States District Court – District of Colorado.~~

-4-
36678-0405/LEGAL14928809.1

~~(b) At the same time, the party should electronically submit the document under seal using the "Sealed Document" event. Parties should only submit sealed documents using the "Sealed Document" event. Any document submitted under a different event will not be sealed from public view.~~

~~(c) A Notice of Electronic Filing will be generated for the sealed document, but the document will not be viewable.~~

~~(d) Sealed documents may not be viewed electronically by attorneys of record, parties to the case, and PACER users by using the PACER system. Attorneys of record, parties to the case, and PACER users may view the sealed document docket entry on the docket sheet.~~

~~(e) All sealed documents must be served in paper format in accordance with the Federal Rules of Civil Procedure. The court's electronic notice facilities will not be available on sealed documents.~~

12. Whenever a deposition involves the disclosure of CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

13. A party may object to the designation of particular CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the

objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party **designating** ~~objecting to designation of~~ the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  The disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion.  If the party **designating the information and CONFIDENTIAL or ATTORNEYS' EYES ONLY** ~~objecting to designation~~ fails to file such a motion within the prescribed time, the disputed information shall **loose its designation and shall not be treated as** ~~be deemed~~ CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order.  In connection with a motion filed under this provision, the party **designating** ~~objecting to designation of~~ the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that the disputed information should ~~not~~ be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

   14. At the conclusion of this action, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL or ATTORNEYS' EYES ONLY documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.  Where the parties agree to destroy

CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. This Protective Order may be modified by the Court at any time for good cause shown ~~following notice to all parties and an opportunity for them to be heard~~.

Dated January 5, 2009.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge

~~Respectfully submitted,~~

| | |
|---|---|
| **~~PERKINS COIE LLP~~** | **~~INMAN FLYNN BIESTERFELD & BRENTLINGER, P.C.~~** |
| ~~s/ *Jeffrey J. Cowman*~~ | ~~s/ *Michael J. Glade*~~ |
| ~~Jeffrey J. Cowman, Esq.~~ | ~~Michael J. Glade, Esq.~~ |
| ~~1899 Wynkoop Street, Suite 700~~ | ~~1660 Lincoln Street, Suite 700~~ |
| ~~Denver, CO 80202-1043~~ | ~~Denver, CO 80264~~ |
| ~~Telephone: (303) 291-2300~~ | ~~Telephone: (303) 861-5300~~ |
| ~~Fax: (303) 291-2400~~ | ~~Fax: (303) 861-2746~~ |
| ~~Email: jcowman@perkinscoie.com~~ | ~~E-mail: mglade@ifblaw.com~~ |
| ~~*Attorneys for Floyd's 99 Holdings, LLC*~~ | ~~*Attorneys for Shawn W. Woodrum*~~ |

# EXHIBIT A

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO<br>Court Address:    Alfred A. Arraj U.S. Courthouse<br>                          901 19th Street<br>                          Denver, CO 80294<br><br>Phone Number:    303-844-3433<br><br>**Plaintiff:**   FLOYD'S 99 HOLDINGS, LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendant:**   SHAWN W. WOODRUM | ▲ COURT USE ONLY ▲<br><br><br><br><br><br><br><br><br>Civil Action No.<br>08-cv-01321-MSK-BNB |
| **STIPULATED PROTECTIVE ORDER** | |

      I, _____, hereby acknowledge receipt of the *Stipulated Protective Order* entered in the above case. I have read a copy of the *Stipulated Protective Order* and by my signature below, hereby accept the terms of the *Stipulated Protective Order* and agree that such confidential and/or attorneys' eyes only information disclosed to me shall be used solely for the purpose of trial or trial preparation in this action and not for any other purpose or any other case.

      Done and signed this \_\_\_\_\_ day of _____, 200\_\_\_\_\_.

                              By:_____
                                                     Signature

                                      _____
                                                  Printed Name

36678-0405/LEGAL14928809.1