IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01321-MSK-BNB

FLOYD'S 99 HOLDINGS, LLC, a Colorado limited liability company,

Plaintiff,

v.

SHAWN W. WOODRUM,

Defendant.
_____

## ORDER
_____

This matter arises on the defendant's **Motion to Extend Discovery Deadlines to Address Damages Not Previously At Issue** [Doc. # 62, filed 8/21/2009] (the "Motion to Extend Schedule").  I held a hearing on the Motion to Extend Schedule this afternoon and made rulings on the record, which are incorporated here.

The defendant seeks to amend the Scheduling Order [Doc. # 21] to (1) reopen discovery on the issue of damages and (2) extend the deadline for expert witness disclosures.  The initial deadlines were extended, and as extended expert disclosures were due on February 23, 2009, 2009; rebuttal disclosures on March 11, 2009; and the discovery cut-off was April 2, 2009.  Although the defendant's counterclaims for damages were not filed until May 2009 after his motion to dismiss was denied, defense counsel informed me at the scheduling conference of the defendant's intention to file counterclaims.  In addition, the defendant undertook discovery on the issue of damages prior to November 18, 2008.  It cannot reasonably be argued that the defendant was not aware of his intention to assert claims for damages, or at least the likelihood

that such claims might be asserted, long before the expiration of the deadlines at issue here.

A scheduling order may be amended only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  In this regard:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation and citation omitted).

In this case, in the exercise of reasonable diligence, the extended deadlines for expert disclosures and discovery could have been met.  The defendant has failed to show good cause for the requested extensions.

IT IS ORDERED that the Motion to Extend Schedule is DENIED.

Dated September 4, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge